IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LORENZO DAVIS, JR.,

    Plaintiff,

v.                                                                   Case No. 2:22-cv-02217-MSN-atc
                                                                     JURY DEMANDED

STAPLES CONTRACT and
COMMERCIAL INC., *et al.*,

    Defendant.

---

## ORDER ON PENDING MOTIONS

---

Before the Court are Plaintiff Lorenzo Davis's pro se Revised Motion for Judicial Review (ECF No. 119), filed October 22, 2025, Motion to Stay Execution of Costs (ECF No. 120), filed October 22, 2025, and Motion for Leave to Proceed In Forma Pauperis (ECF No. 122), filed November 12, 2025 (collectively, "Motions"). Plaintiff has also filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit (ECF No. 121), where his appeal has been docketed as case number 25-6053. (ECF No. 123.) For the reasons given below, Plaintiff's Motions are **DENIED**.

    1.  Revised Motion for Judicial Review and Motion to Stay Execution of Costs

Because both the Revised Motion for Judicial Review (ECF No. 119) and the Motion to Stay Execution of Costs (ECF No. 120) seek avoidance of the assessment of costs in favor of the Defendant, the Court will address them together. Specifically, Plaintiff seeks reduction (or outright denial) of Defendant's proposed bill of costs, *see* ECF No. 119 at PageID 2351, and a stay

of any cost adjudication and assessment pending resolution of his appeal. (ECF No. 120 at PageID 2354.)

Costs are permitted to the "prevailing party," and are governed by Federal Rule of Civil Procedure 54(d), which indicates that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed." Indeed, "Rule 54(d) creates a presumption in favor of the taxation of costs." *Anderson v. Asplundh Tree Expert Co., Inc.*, No. 3:06-CV-0784, 2007 WL 9782982 at *1 (M.D. Tenn. Nov. 29, 2007). And though district courts are empowered both to stay the imposition of costs and deny their assessment altogether, "[c]ase law in the Sixth Circuit is well established that district courts do not generally stay the taxation of costs merely because an appeal is pending." *Huelett v. Louisville Paving Co.*, No. 3:23-CV-00420-RGJ, 2025 WL 1698142 at *4 (W.D. Ky. June 17, 2025) (citing *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *1 (W.D. Ky. May 7, 2013), *aff'd*, 582 F. App'x 657 (6th Cir. 2014)). Thus, "a district court deciding not to award costs at the customary stage must provide a valid reason." *Asplundh Tree Expert*, 2007 WL 9782982 at *1 (quoting *Singleton v. Dep't of Corr. Educ.*, 2003 WL 2299039 at *2 (E.D. Va. Oct. 3, 2003). Further, "proceeding with a review of the taxation of costs [] avoid[s] piecemeal appeals" and "[w]ith prompt taxation, any appeal from the award of costs could feasibly be consolidated with the pending appeal on the merits, thereby enhancing judicial efficiency." *Morgan v. Shelby Cnty. Gov't*, No. 05-2541 MA/P, 2007 WL 9757510 (W.D. Tenn. June 25, 2007).

In the present case, however, costs have not yet been awarded. The Clerk of Court's hearing on taxation of costs in this matter is scheduled for December 9, 2026. (*See* ECF No. 118.)

Plaintiff's request for a stay as to costs is therefore premature.[1]  Accordingly, Plaintiff's Motions for Judicial Review and to Stay Execution of Costs are **DENIED**.

      2.    <u>Motion for Leave to Proceed In Forma Pauperis</u>

Federal Rule of Appellate Procedure 24 requires a party seeking an appeal *in forma pauperis* to "file a motion in the district court" and "attach an affidavit" setting out, among other things, "the party's inability to pay or to give security for fees and costs."  Fed. R. App. P. 24(a)(1).  The standard for evaluating a motion to proceed *in forma pauperis* has been set by the Supreme Court in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, which indicated that an affidavit "is sufficient which states that one cannot . . . 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'"  335 U.S. 331, 339 (1948).  And while "pauper status does not require absolute destitution," the appellant must show at least "undue hardship."  *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citation omitted).

Mr. Davis's affidavit shows that he has a monthly income of $954.00, and monthly expenses totaling $700.00.  (ECF No. 122 at PageID 2370, 2373.)  Further, he has $2400.00 in his savings account.  (*Id.* at 2371.)  Plaintiff has thus not shown that paying the $605.00 appellate filing fee would deprive him of the necessities of life or otherwise cause undue hardship.  Accordingly, the Motion for Leave to Proceed In Forma Pauperis is **DENIED**.

---

[1] For the same reason, the Court declines to take up Plaintiff's request that he be excused from posting a bond in support of a stay.  ((ECF No. 120 at PageID 2354.)  In the interest of completeness, however, the Court also notes that there are "two circumstances [] in which courts are urged to consider foregoing the [supersedeas bond] requirement: namely, where (1) 'the [appellant's] ability to pay the judgment is so plain that the cost of the bond would be a waste of money" and (2) 'the requirement would put the [appellant's] other creditors in undue jeopardy.'"  *Transp. Ins. Co. v. Citizens Ins. Co. of Am.*, No. 08-15018, 2013 WL 4604126, at *3 (E.D. Mich. Aug. 29, 2013) (citation omitted).  Neither of these circumstances is present here.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motions (ECF Nos. 119, 120, and 122) are hereby **DENIED**.

**IT IS SO ORDERED**, this 19th day of November, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
