**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

LORENZO DAVIS, JR.,

     Plaintiff,

v.

STAPLES CONTRACT and
COMMERCIAL INC., *et al.*,

     Defendant.

Case No. 2:22-cv-02217-MSN-atc
JURY DEMAND

---

### ORDER DENYING MOTION TO STAY EXECUTION OF COSTS

---

Before the Court is Plaintiff's Motion to Stay Execution of Judgment Taxing Costs and to Waive Supersedeas Bond Requirement (ECF No. 133, "Motion"), filed April 20, 2026.  Defendant Staples Contract and Commercial, LLC ("Staples") filed a timely Response in Opposition (ECF No. 134) on April 30, 2026.  For the reasons given below, Plaintiff's Motion is **DENIED**.

### BACKGROUND

This matter originated with Plaintiff's claims of race discrimination, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  (ECF No. 24.)  On September 12, 2025, this Court granted summary judgment in favor of Staples.  (ECF No. 105.)  Staples then filed its Bill of Costs on September 26, 2025.  (ECF No. 107.)  Plaintiff thereafter filed motions to stay execution of costs and waive the supersedeas bond (ECF Nos. 115, 119, and 120), which the Court denied as moot (ECF No. 117) and premature (ECF No. 124).  The Clerk then held a Taxation of Costs hearing on March 24, 2026, and entered an Order Taxing Costs (in the amount of $19,770.70) the following day.  (ECF No. 127 and 132.)  Now, Plaintiff moves

a third time to stay execution of costs and waive a supersedeas bond (ECF No. 133); Staples has

responded in opposition (ECF No. 134).[1]

## **LEGAL STANDARD**

Costs are permitted to the "prevailing party," and are governed by Federal Rule of Civil

Procedure 54(d), which indicates that "[u]nless a federal statute, these rules, or a court order

provides otherwise, costs . . . should be allowed."  Indeed, "Rule 54(d) creates a presumption in

favor of the taxation of costs."  *Anderson v. Asplundh Tree Expert Co., Inc.*, No. 3:06-CV-0784,

2007 WL 9782982, at *1 (M.D. Tenn. Nov. 29, 2007).  And though district courts are empowered

both to stay the imposition of costs and deny their assessment altogether, "a district court deciding

not to award costs at the customary stage must provide a valid reason."  *Asplundh Tree Expert*,

2007 WL 9782982, at *1 (quoting *Singleton v. Dep't of Corr. Educ.*, 2003 WL 2299039, at *2

(E.D. Va. Oct. 3, 2003).  However, "[Federal Rule of Civil Procedure] 62(d) entitles a party who

files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."  *Arban v.*

*W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).

Nevertheless, "Rule 62(d) does not prohibit courts from exercising discretionary authority

to reduce or waive the bond requirement altogether."  *Mosby v. Reaves L. Firm PLLC*, No. 2:23-

CV-02099-SHM-TMP, 2026 WL 937561, at *2 (W.D. Tenn. Apr. 7, 2026) (citing *Arban*, 345

F.3d at 409).  District courts generally require the party seeking a bond waiver to justify that relief

by showing "extraordinary circumstances."  *Mosby*, 2026 WL 937561, at *2.  And extraordinary

circumstances exist "where the [nonmovant]'s ability to pay the judgment is so plain that the cost

---

[1] The Court notes that Plaintiff filed a reply on May 8, 2026.  (ECF No. 135.)  This was improper.  "Except as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply."  Local Rule 7.2(c).  Mr. Davis did not move for such leave, and thus his reply is not properly before the Court.  The Court therefore does not consider it for purposes of this Order.

of the bond would be a waste of money," *Arban*, 345 F.3d at 409 (citation omitted), or where

"satisfying the bond requirement would put the [nonmovant]'s other creditors in undue jeopardy."

*Mosby*, 2026 WL 937561, at *2 (citation omitted).

## DISCUSSION

Plaintiffs asserts several grounds for staying the execution of costs and waiving a

supersedeas bond in this case.    First, he indicates a "catastrophic change in financial

circumstances" since November as the result of a "residential fire and electrical emergency." (ECF

No. 133 at PageID 2411.)  Associated costs, he says, have resulted in "total insolvency" and liquid

assets of "less than $200.00 as of the date of this filing." (*Id.* at PageID 2411–12.)  Second, he

asserts that the Court "maintains the inherent equitable discretion to waive the bond requirement

where the Plaintiff's ability to pay is nonexistent" and the "'Balance of Hardships' tips decisively

in Plaintiff's favor." (*Id.* at PageID 2412.)  Third, Plaintiff argues that his assets are protected by

Tenn. Code Ann. § 26-2-103, making him a "'judgment-proof' individual," and thereby rendering

execution of the judgment futile.  (*Id.* at PageID 2412–13.)  Fourth and finally, Plaintiff seems to

suggest that this Court made errors in prior rulings or otherwise has "material misapprehensions"

about his financial situation due to what Plaintiff regards as "'Constructive Abandonment' by

former counsel.'" (*Id.* at PageID 2413.)  Ultimately, none of the reasons offered justify the relief

requested.

While Mr. Davis's financial condition is unfortunate, and the Court is sympathetic, it is

nevertheless the case that his "financial hardship weighs *in favor of denying* the request for an

unsecured stay." *Mosby*, 2026 WL 937561, at *3; *see also Eaton Corp. v. Wrena, LLC*, No. 1:20-

cv-893, 2024 WL 5076313, at *2 (N.D. Ohio Dec. 11, 2024) (concluding that a party's statement

that "it cannot pay the judgment or bond . . . weight strongly in favor of requiring a bond"); *id.*

3

(Insolvency arguments . . . weigh in favor of protecting the rights of the party for whom judgment was rendered."); *Bank v. Byrd*, No. 10-02004, 2012 WL 5384162, at * (W.D. Tenn. Nov. 1, 2012) (citation omitted) (cleaned up) ("If [Plaintiff] has such diminished assets that allowing judgment to proceed or requiring bond to grant a stay would cause him to go into bankruptcy, this is exactly the type of injury against which a supersedeas bond is designed to protect—the possibility that a judgment may later be uncollectible."). His second asserted reason, addressing this Court's discretion, fails on the same analysis. The discretion courts inherently possess is held in the shadow of Rule 62(d), which permits a stay as a matter of right upon the posting of a full supersedeas bond; that discretion has traditionally gone beyond Rule 62(d) to waive or reduce a bond only in the sorts of "extraordinary circumstances" explained above. *See Mosby*, 2026 WL937561, at *2 (explaining when it is appropriate that district courts waive or reduce the bond requirements, as approved by the Sixth Circuit).

As regards Mr. Davis's invocation of Tenn. Code Ann. § 26-2-103(a), the Court is unsure how this provision is relevant to the stay and waiver requested. This section provides that:

> Personal property to the aggregate value of ten thousand dollars ($10,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to the debtor's vocation or pursuit or to the ownership of the debtor's abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of ten thousand dollars ($10,000) debtor's equity interest.

Tenn. Code Ann. § 26-2-103(a). Assuming *arguendo* that Mr. Davis's situation falls within the terms of this section, there is nothing here that entitles him either to a stay or a waiver of bond. Instead, § 26-2-103 provides for an "exempt[ion] from execution," which, if applicable, would

protect certain of Mr. Davis's assets from being used to satisfy the Bill of Costs entered against him.

The Court turns, lastly, to Mr. Davis's assertions that prior rulings were erroneous and based on misunderstandings of the record as a result of "constructive abandonment by counsel." (ECF No. 133 at PageID 2413.)  Specifically, he seems to contend that, had the Court been made aware of the nature of "his non-liquid assets and housing subsidies," the prior motions asking for a stay of execution of costs and waiver of bond would have been granted.  (*Id.*)  But as was made clear in the orders addressing those motions, they were properly denied as moot and premature, not because of the Court's view of Plaintiff's financial situation.  (*See* ECF Nos. 117 & 124.)  To reiterate what the Court has already said above, it is precisely Mr. Davis's claims that he cannot pay that weigh in favor of requiring a bond.  The Court takes no position on Mr. Davis's relationship with prior counsel, which has no bearing on the present analysis whatsoever.

## **CONCLUSION**

For the reasons given above, Plaintiff's Motion to Stay Execution of Judgment Taxing Costs and to Waive Supersedeas Bond Requirement (ECF No. 133) is **DENIED**.

**IT IS SO ORDERED**, this 21st day of July, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

5